IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-9-D
No. 5:17-CV-205-D

| | |
|---|---|
| DENNIS RAY HOWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 1, 2017, Dennis Ray Howard ("Howard") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 235-month sentence [D.E. 132]. On May 25, 2017, Howard filed an amended section 2255 motion [D.E. 135]. On August 16, 2017, the government moved to dismiss Howard's section 2255 motions for failure to state a claim [D.E. 137] and filed a memorandum in support [D.E. 138]. On September 14, 2017, Howard responded in opposition [D.E. 140]. As explained below, the court grants the government's motion to dismiss, and dismisses Howard's section 2255 motions.

I.

On October 17, 2012, a jury convicted Howard of conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine ("PCP") from January 2010 to September 25, 2010, in violation of 21 U.S.C. § 846 (count one), seven counts of distributing a quantity of PCP in violation of 21 U.S.C. § 841(a)(1) (counts two through seven and nine), distributing a quantity of PCP and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count eight), possession with intent to distribute a quantity of PCP in violation of 21 U.S.C. § 841(a)(1) (count ten), and possession a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (count eleven) See [D.E.64].

On April 11, 2013, this court held Howard's sentencing hearing. See [D.E. 86]. At the sentencing hearing, the court denied Howard's motion for judgment of acquittal. See Sentencing Tr. [D.E. 97] 2–9. The court then resolved objections to the Presentence Investigation Report "("PSR") [D.E. 80]. See [D.E. 97] 9–12. The court calculated the advisory guideline range on counts one through ten to be 120 to 121 months' imprisonment and on count eleven to be 60 months' consecutive imprisonment. See id. at 12. The court then granted the government's motion for an upward departure because Howard's criminal history category substantially underrepresented the seriousness of Howard's "criminal history or the likelihood that [Howard] will commit other crimes." U.S.S.G. § 4A1.3(a)(1); Sent. Tr. at 13–23. The court described at length Howard's extensive criminal history. See Sent. Tr. at 13–23; PSR ¶¶ 16–30. When the court sentenced Howard on April 11, 2013, he was 41 years old, but his criminal history began at age 16 when he was convicted of two felony counts of sell or delivery of cocaine. See PSR ¶¶ 16–17. For those convictions, Howard received a three-year sentence, but only served about four months and was paroled. See id. The convictions were unscored in the PSR. See id. At age 17, Howard was convicted of four offenses: resist/obstruct a public officer (PSR ¶ 18), second degree trespass (id. ¶ 19), felony possession of cocaine (id. ¶ 20), and fictitious information to an officer (id. ¶ 21). Howard received a two-year sentence for the felony cocaine conviction, but only served about six months in prison and was discharged. See id. ¶ 20. These four convictions were unscored in the PSR. See id. ¶¶ 18–21.

At age 18, Howard was charged with murder, but pleaded down to voluntary manslaughter. See id. ¶ 22. During the incident, Howard and William Barnes shot Anthony Hardy after an altercation between Barnes and Hardy. See id. Hardy died. See id. Howard received a six-year sentence for voluntary manslaughter and was paroled in December 1992. See id. While incarcerated, Howard was placed in segregation two times for fighting and also was disciplined for disobeying a prison official. See id. In May 1993, Howard's parole was revoked after Howard

2

violated curfew thirteen times, failed to report to his probation officer ten times, and failed to obtain employment. See id. After serving approximately 25 days for the revocation, Howard again was paroled. See id. Howard's voluntary manslaughter conviction was unscored in the PSR. See id.

At age 25, Howard was convicted in the United States District Court for the Eastern District of North Carolina of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base (crack). See id. ¶ 26. The offense conduct involved Howard and his co-conspirator selling at least 9 kilograms of cocaine and 8.6 kilograms of cocaine base (crack) from 1994 to 1997. See id. In December 1997, the court sentenced Howard to 292 months' imprisonment. See id. In December 2000, due to Howard's substantial assistance, the court reduced Howard's sentence to 150 months' imprisonment. See id.; Fed. R. Crim. P. 35(b). In June 2008, Howard was released form federal prison. See PSR ¶ 26.

When Howard returned to Wilson, North Carolina, he told associates that the penalties for crack cocaine were too harsh; therefore, he began distributing PCP. In short order, Howard became a significant PCP dealer in Wilson. Moreover, Wilson developed a unique PCP public-health problem when compared to other towns in the Eastern District of North Carolina.

After considering the record, U.S.S.G. § 4A1.3, and Fourth Circuit precedent, the court granted the government's motion and upwardly departed. See Sentencing Tr. at 13–23. The court treated Howard as a defacto career offender. See id. The court then calculated Howard's advisory guideline range on count one to be 420 months' to life imprisonment and on counts two to ten to be 360 months' imprisonment. See id. at 20–23.

The court considered the arguments of counsel and the factors under 18 U.S.C. § 3553(a). See id. at 23–33. The court recounted the serious nature of the eleven counts of conviction. See id. at 26–28. The court described Howard's history and characteristics, including both his troubled childhood and his pronounced, enduring, and serious criminal history. See id. at 28–30. The court also noted that Howard was not a substance abuser himself. See id. at 29. Rather, he was a serious

3

drug dealer with a history of violence who was undeterred by his myriad interactions with the criminal justice system. See id. The court emphasized the profound need for incapacitating Howard from his inevitable, serious, future criminal behavior. See id. at 29–30. The court also stressed the need for the sentence to promote general deterrence and respect for the law. See id. at 30. The court then sentenced Howard to life imprisonment on count one, 360 months' imprisonment on counts two through ten (concurrent with count one), and 60 months' consecutive imprisonment on count eleven. See id. at 30–31.

On April 11, 2013, the court also held Howard's revocation hearing concerning Howard's alleged failure to comply with his supervised release in case number 5:97-CR-98-1D. See [D.E. 61] (case no. 5:97-CR-98-D). Due to the criminal conduct for which the jury convicted Howard in case number 5:12-CR-9-D, the court found that Howard egregiously violated the terms of his supervised release. See id. at 2–4. The court calculated the Chapter 7 policy statement range as 51–60 months' imprisonment, and sentenced Howard to 60 months' imprisonment to be served consecutively to his sentence in case number 5:12-CR-9-D. See id. at 4–6.

Howard appealed in case number 5:97-CR-98-1D and case number 5:12-CR-9-D, and the appeals were consolidated. On appeal, Howard (through appellate counsel) attacked the sufficiency of the evidence and the substantive reasonableness of the sentence in case number 5:12-CR-9-D, but did not brief the reasonableness of the revocation sentence. On December 4, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Howard's appeal of his revocation sentence in case number 5:97-CR-98-1D and affirmed Howard's conviction in case number 5:12-CR-9-D. See United States v. Howard, 773 F.3d 519, 522, 525–27 (4th Cir. 2014). The Fourth Circuit, however, vacated Howard's sentence in case number 5:12-CR-9-D as substantively unreasonable. See id. at 527–36.

On May 21, 2015, the court resentenced Howard to 175 months' imprisonment on counts one through ten to be served concurrently and 60 months' imprisonment on count eleven to be served

4

consecutively, yielding a total sentence of 235 month's imprisonment. See Resentencing Tr. [D.E. 126] 31–44. Howard appealed. On February 3, 2016, the Fourth Circuit affirmed Howard's sentence. United States v. Howard, 631 F. App'x 194, 195 (4th Cir. 2016) (per curiam) (unpublished).

On May 1, 2016, Howard filed his first section 2255 motion [D.E. 132]. Howard contends that (1) the Assistant United States Attorney ("AUSA") improperly vouched for government witnesses during her closing argument at Howard's trial; (2) ineffective assistance of trial counsel for failing to object and request a curative instruction concerning the AUSA's alleged vouching; (3) ineffective assistance of appellate counsel for failing to contest Howard's 60-month revocation sentence in case number 5:07-CR-98-1D; (4) ineffective assistance of trial counsel for failing to move to strike testimony of witnesses concerning events that took place outside the timeframe of the charged conspiracy; and (5) ineffective assistance of trial counsel for failing to object to Detective Corprew's testimony concerning the PCP residue found in Howard's car. See [D.E. 132] 4–13. On May 25, 2017, Howard filed an amended section 2255 motion and expounded on these five claims. See [D.E. 135].

II.

The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests the claims' legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In

5

considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency" of the petition. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, the petition must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation omitted).

A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

A.

As for Howard's claim that the AUSA improperly vouched for government witnesses, Howard failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Howard from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Howard has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from this alleged error. See Bousley, 523 U.S. at 622–24; Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95

(4th Cir. 1999). Accordingly, this claim fails.

As for Howard's claim concerning his 60-month revocation sentence, Howard cannot use section 2255 to recharacterize and relitigate a claim that he lost or abandoned on direct appeal. See, e.g., Frady, 456 U.S. at 164–65; Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 296 & n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails.

B.

Howard's remaining claims allege: (1) ineffective assistance of trial counsel for failing to object and request a curative instruction concerning the AUSA's alleged vouching; (2) ineffective assistance of trial counsel for failing to contest Howard's 60-month revocation sentence in case number 5:97-CR-98-1D; (3) ineffective assistance of trial counsel for failing to move to strike the testimony of witnesses concerning events that took place outside the timeframe of the charged conspiracy; and (4) ineffective assistance of counsel for failing to object to Detective Corprew's testimony concerning the PCP found in Howard's car.

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment,

7

Howard must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. "[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule on its own familiarity with the case. See Blackledge, 431 U.S. at 74 n.4; Dyess, 730 F.3d at 359–60.

First, Howard contends that trial counsel was ineffective for failing to object during the AUSA's closing argument and request a curative instruction concerning the prosecutor's alleged vouching. The court has reviewed the AUSA's argument. See [D.E. 100] 23–49, 63–74. The prosecutor did not vouch for the government witnesses. See id. at 30–32, 63–67. The failure to make a baseless objection is not deficient performance. See Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009).

Alternatively, even if the AUSA did vouch, trial counsel's "real-time" decision to not object falls within the wide range of professional performance. See, e.g., Humphries v. Ozmint, 397 F.3d 206, 228 (4th Cir. 2005). Additionally, and in any event, the court instructed the jury on what proper evidence included, that the lawyers' arguments were not evidence, and that the jury could base its

8

verdict only on the evidence presented. See [D.E. 100] 76–78. Furthermore, given the overwhelming evidence of Howard's guilt, the failure to object was not prejudicial. See Strickland, 466 U.S. at 694–95. Thus, the claim fails. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90; Mora v. Zook, 821 F.3d 517, 528–32 (4th Cir. 2016); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009).

Next, Howard contends that his appellate attorney was ineffective by abandoning a challenge to Howard's 60-month revocation sentence in case number 5:97-CR-98-1D. Appellate counsel "need not (and should not) raise every nonfrivolous claim." Smith v. Robbins, 528 U.S. 259, 288 (2000). By definition, counsel need not and should not raise meritless ones. See id.

This court properly found that Howard violated the terms of his supervised release in case number 5:97-CR-98-D via his extraordinary breach of trust in case number 5:12-CR-9-D. See [D.E. 61] (case no. 5:97-CR-98-1D). The court also properly calculated the Chapter 7 policy statement range as 51–60 months' imprisonment. See id. at 1–4. The court then considered the entire record and properly sentenced Howard to 60 months' imprisonment to be served consecutively to any other sentence. See id. at 4–6.

Appellate counsel properly focused on what counsel believed were the strongest appellate issues in the consolidated appeal and did not provide deficient performance in declining to challenge Howard's revocation sentence in case number 5:97-CR-98-D. See, e.g., United States v. Mason, 774 F.3d 824, 828–29 (4th Cir. 2014); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). First, the revocation sentence was procedurally and substantively reasonable. See, e.g., United States v. Crudup, 461 F.3d 433, 435–40 (4th Cir. 2006). Moreover, the court had the discretion to run the revocation sentence consecutive or concurrent to the sentence in case number 5:12-CR-9-D. See, e.g., Dean v. United States, 137 S. Ct. 1170, 1177–78 (2017); Setser v. United States, 566 U.S. 231, 237–44 (2012). Accordingly, Howard has not plausibly alleged "a reasonable probability he would have prevailed on his appeal but for his counsel's unreasonable failure to raise an issue." United

9

States v. Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (quotation and alteration omitted); see Robbins, 528 U.S. at 285–86. Thus, the claim fails.

As for Howard's claims concerning trial counsel's failure to object to the testimony of witnesses concerning events that took place outside the timeframe of the charged conspiracy and failure to object to Detective Corprew's testimony concerning the PCP residue found in Howard's car, the claims fail. Howard has not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689; see Humphries, 397 F.3d at 234. Thus, there was no deficient performance. See Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670. Alternatively, in light of the overwhelming evidence of guilt, Howard has not plausibly alleged prejudice. See, e.g., Strickland, 466 U.S. at 694–95. Accordingly, the claims fail.

After reviewing the claims presented in Howard's motions, the court finds that reasonable jurists would not find the court's treatment of Howard's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS the government's motion to dismiss [D.E. 137], DISMISSES Howard's section 2255 motions [D.E. 132, 135], and DENIES a certificate of appealability.

SO ORDERED. This 22 day of January 2018.

JAMES C. DEVER III
Chief United States District Judge

10