IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-9-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DENNIS RAY HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

On April 30, 2021, Dennis Ray Howard ("Howard" or "defendant") moved for

compassionate relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132

Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 155]. On April 30,

2021, the court appointed counsel for Howard [D.E. 156]. On March 2, 2022, through counsel,

Howard filed a memorandum in support to his motion for compassionate release [D.E. 159]. On

April 19, 2022, the government responded in opposition [D.E. 163]. As explained below, the court

denies Howard's motion.

I.

On October 17, 2012, a jury convicted Howard of conspiracy to distribute and possess with

intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of

phencyclidine ("PCP") from January 2010 to September 25, 2010, in violation of 21 U.S.C. § 846

(count one), seven counts of distributing a quantity of PCP in violation of 21 U.S.C. § 841(a)(1)

(counts two through seven and nine), distributing a quantity of PCP and aiding and abetting in

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count eight), possession with intent to

distribute a quantity of PCP in violation of 21 U.S.C. § 841(a)(1) (count ten), and possession a

firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (count eleven). See [D.E.64].

On April 11, 2013, this court held Howard's sentencing hearing. See [D.E. 86]. At the sentencing hearing, the court denied Howard's motion for judgment of acquittal. See Sentencing Tr. [D.E. 97] 2–9. The court then resolved objections to the Amended Presentence Investigation Report ("Am. PSR") [D.E. 80]. See [D.E. 97] 9–12; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated the advisory guideline range on counts one through ten to be 120 to 121 months' imprisonment and on count eleven to be 60 months' consecutive imprisonment. See id. at 12. The court then granted the government's motion for an upward departure because Howard's criminal history category substantially underrepresented the seriousness of Howard's "criminal history or the likelihood that [Howard] will commit other crimes." U.S.S.G. § 4A1.3(a)(1); Sent. Tr. at 13–23. The court described at length Howard's extensive criminal history. See Sent. Tr. at 13–23; Am. PSR at ¶¶ 16–30. Howard's criminal history began at age 16 when he pleaded guilty to two felony counts of sell or delivery of cocaine. See Am. PSR at ¶¶ 16–17. For those convictions, Howard received a three-year sentence, but only served about four months before he was paroled. See id. At age 17, Howard was convicted of four offenses: resist/obstruct a public officer (Am. PSR at ¶ 18), second degree trespass (id. at ¶ 19), felony possession of cocaine (id. at ¶ 20), and fictitious information to an officer (id. at ¶ 21). Howard received a two-year sentence for the felony cocaine conviction, but only served about six months in prison and was discharged. See id. at ¶ 20. These convictions were unscored. See id. at ¶¶ 18–21.

At age 18, Howard was charged with murder, but pleaded guilty to voluntary manslaughter. See id. at ¶ 22. During the incident, Howard and William Barnes shot Anthony Hardy after an altercation between Barnes and Hardy. See id. Hardy died. See id. Howard received a six-year

2

sentence for voluntary manslaughter and was paroled in December 1992. See id. While incarcerated, Howard was placed in segregation two times for fighting and also was disciplined for disobeying a prison official. See id. In May 1993, Howard's parole was revoked after Howard violated curfew thirteen times, failed to report to his probation officer ten times, and failed to obtain employment. See id. After serving approximately 25 days for the revocation, Howard again was paroled. See id. Howard's voluntary manslaughter conviction was unscored. See id.

At age 25, Howard pleaded guilty in the United States District Court for the Eastern District of North Carolina to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (crack). See id. at ¶ 26. The offense conduct involved Howard and his co-conspirator selling at least 9 kilograms of cocaine and 8.6 kilograms of cocaine base (crack) from 1994 to 1997. See id. In December 1997, the court sentenced Howard to 292 months' imprisonment. See id. In December 2000, due to Howard's substantial assistance, the court reduced Howard's sentence to 150 months' imprisonment. See id.; Fed. R. Crim. P. 35(b). In June 2008, Howard was released form federal prison. See Am. PSR at ¶ 26.

When Howard returned to Wilson, North Carolina, he told associates that the penalties for crack cocaine were too harsh; therefore, he began distributing PCP. In short order, Howard became a significant PCP dealer in Wilson. Moreover, Wilson developed a unique PCP public-health problem when compared to other towns in the Eastern District of North Carolina.

After considering the record, U.S.S.G. § 4A1.3, and Fourth Circuit precedent, the court granted the government's motion and upwardly departed. See Sentencing Tr. at 13–23. The court treated Howard as a defacto career offender. See id. The court then calculated Howard's advisory guideline range on count one to be 420 months' to life imprisonment and on counts two to ten to be 360 months' imprisonment. See id. at 20–23.

3

The court considered the arguments of counsel and the factors under 18 U.S.C. § 3553(a). See id. at 23–33. The court recounted the serious nature of the eleven counts of conviction. See id. at 26–28. The court described Howard's history and characteristics, including both his troubled childhood and his pronounced, enduring, and serious criminal history. See id. at 28–30. The court also noted that Howard was not a substance abuser himself. See id. at 29. Rather, he was a serious drug dealer with a history of violence who was undeterred by his myriad interactions with the criminal justice system. See id. The court emphasized the profound need for incapacitating Howard from his inevitable, serious, future criminal behavior. See id. at 29–30. The court also stressed the need for the sentence to promote general deterrence and respect for the law. See id. at 30. The court sentenced Howard to life imprisonment on count one, 360 months' imprisonment on counts two through ten (concurrent with count one), and 60 months' consecutive imprisonment on count eleven. See id. at 30–31.

On April 11, 2013, the court also held Howard's revocation hearing concerning Howard's failure to comply with his supervised release in case number 5:97-CR-98-D-1. See [D.E. 61]. Due to the criminal conduct for which the jury convicted Howard in case number 5:12-CR-9-D-1, the court found that Howard egregiously violated the terms of his supervised release. See id. at 2–4. The court calculated the Chapter 7 policy statement range as 51–60 months' imprisonment, and sentenced Howard to 60 months' imprisonment to be served consecutively to his sentence in case number 5:12-CR-9-D-1. See id. at 4–6.

Howard appealed in case number 5:97-CR-98-D-1 and case number 5:12-CR-9-D-1, and the appeals were consolidated. On appeal, Howard (through appellate counsel) attacked the sufficiency of the evidence and the substantive reasonableness of the sentence in case number 5:12-CR-9-D-1, but did not brief the reasonableness of the revocation sentence. On December 4, 2014, the United

4

States Court of Appeals for the Fourth Circuit dismissed Howard's appeal of his revocation sentence in case number 5:97-CR-98-D-1 and affirmed Howard's conviction in case number 5:12-CR-9-D-1. See United States v. Howard, 773 F.3d 519, 522, 525–27 (4th Cir. 2014). The Fourth Circuit, however, vacated Howard's sentence in case number 5:12-CR-9-D-1. See id. at 527–36.

On May 21, 2015, the court recalculated Howard's advisory guideline range, upwardly departed under U.S.S.G. § 4A1.3, considered the section 3553(a) factors, and resentenced Howard to 175 months' imprisonment on counts one through ten to be served concurrently and 60 months' imprisonment on count eleven to be served consecutively, yielding a total sentence of 235 months' imprisonment. See Resentencing Tr. [D.E. 126] 15–44. Howard appealed. On February 3, 2016, the Fourth Circuit affirmed Howard's sentence. See United States v. Howard, 631 F. App'x 194, 195 (4th Cir. 2016) (per curiam) (unpublished); [D.E. 127].

On May 1, 2016, Howard filed his first section 2255 motion [D.E. 132]. On May 25, 2017, Howard filed an amended section 2255 motion and expounded on his claims about the trial and his sentence. See [D.E. 135]. On January 22, 2018, the court granted the government's motion to dismiss, dismissed Howard's section 2255 motion, and denied a certificate of appealability. See [D.E. 141]. On June 25, 2018, Howard moved for reconsideration [D.E. 143]. On January 18, 2019, the court denied Howard's motion. See [D.E. 144]. Howard appealed [D.E. 147]. On February 24, 2020, the Fourth Circuit dismissed Howard's appeal. See United States v. Howard, 795 F. App'x 189, 189 (4th Cir. 2020) (per curiam) (unpublished); [D.E. 152].

On April 30, 2021, Howard moved for compassionate relief. See [D.E. 155]. The government opposes the motion. See [D.E. 163].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment

5

if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote

6

respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v.

United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81

(2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d

402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a

court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary

and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3;

McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's

compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992

F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies

to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains

helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see

Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and

compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's

age, when coupled with serious physical or mental deterioration due to age and having served 10

years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's

minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or

(D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n

extraordinary and compelling reason need not have been unforeseen at the time of sentencing in

order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

To the extent Howard challenges the validity of his judgment and sentence, the court

construes Howard's motion as a motion under 28 U.S.C. § 2255. See In re Vial, 115 F.3d 1192,

1194 (4th Cir. 1997); cf. United States v. Copeland, No. 2:13cr91, 2021 WL 3932445, at *2–5 (E.D.

7

Va. Sept. 1, 2021) (unpublished); United States v. Artis, No. 3:13-cr-218-DSC-1, 2021 WL 2518219, at *3 (W.D.N.C. June 18, 2021) (unpublished). This court dismissed Howard's challenge to his conviction and sentence under 28 U.S.C. § 2255. See [D.E. 141]. And the Fourth Circuit dismissed Howard's appeal. See Howard, 795 F. App'x at 189; [D.E. 152]. Howard may not bring a second or successive section 2255 motion absent certification by the Fourth Circuit. See 28 U.S.C. § 2255(h); Burton v. Stewart, 549 U.S. 147, 152–53 (2007) (per curiam); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), abrogated in part on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Thus, the court dismisses Howard's claims challenging the validity of his judgment and sentence. See [D.E. 159-1] 3–4.

As for Howard's motion for compassionate release, Howard apparently did not raise his current concerns about COVID-19 and his obesity in his administrative proceeding. See [D.E. 159] 4; [D.E. 159-1]. The government invokes the section 3582(c)(1)(A) exhaustion requirement as to these arguments. See [D.E. 163] 1. Nonetheless, the court assumes without deciding that Howard exhausted his administrative remedies. See Muhammad, 16 F.4th at 130.

Howard seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his obesity, and the change in the law under 21 U.S.C. § 851. See [D.E. 159]; [D.E. 159-1] 3.[1] As for the "medical condition of the defendant" policy statement, the policy statement

---

[1] To the extent Howard seeks to raise other claims that he should have raised on direct appeal or under 28 U.S.C. § 2255, the court rejects the arguments. See [D.E. 159-1] 3–4; United States v. McCoy, 981 F.3d 271, 287 (4th Cir. 2020) ("[T]he very purpose of [section] 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is not a specific statute that already affords relief. . . ."); United States v. Handerhan, 789 F. App'x 924, 926 (3d Cir. 2019) (per curiam) (unpublished) ("[Section] 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity."); United States v. Shull, No. 1:04-cr-18, 2022 WL 179141, at *3 (W.D.N.C. Jan. 19, 2022) (unpublished); United States v. Ferguson, No. 3:04cr13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021) (unpublished) ("The compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate

8

requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Howard is 50 years old and is obese. See [D.E. 159] 8.

Howard argues that his obesity puts him at heightened risk of serious infection or death from COVID-19. See id. However, Howard presented no evidence about a diminished ability to provide self-care, and he received two doses of the Pfizer COVID-19 vaccine. See [D.E. 159-2]. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United

---

release, but it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the defendant to make arguments that were, or could have been, raised in direct appeal or collateral review.").

9

States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Howard from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Thus, Howard does not meet the medical condition policy statement.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Howard's obesity, and the change in the law under 21 U.S.C. § 851 are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Howard's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Howard is 50 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of PCP from January 2010 to September 25, 2010, in violation of 21 U.S.C. § 846 (count one), seven counts of distributing a quantity of PCP in violation of 21 U.S.C. § 841(a)(1) (counts two through seven and

10

Case 5:12-cr-00009-D   Document 164   Filed 10/14/22   Page 10 of 13

nine), distributing a quantity of PCP and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count eight), possession with intent to distribute a quantity of PCP in violation of 21 U.S.C. § 841(a)(1) (count ten), and possession a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (count eleven). See Am. PSR ¶¶ 1–8. From 2013 to 2018, Howard was a significant PCP dealer in Wilson, North Carolina. See id. ¶¶ 9–14. Howard's latest criminal conduct is nothing new. See id. ¶¶ 16–27. As discussed, Howard's criminal history began at age 16 when he was convicted of two felony counts of sell or delivery of cocaine. See id. ¶¶ 16–17. At age 17, Howard was convicted of four offenses: resist/obstruct a public officer (Am. PSR ¶ 18), second degree trespass (id. ¶ 19), felony possession of cocaine (id. ¶ 20), and fictitious information to an officer (id. ¶ 21). At age 18, Howard was charged with murder, but pleaded guilty to voluntary manslaughter. See id. ¶ 22. During the incident, Howard and William Barnes shot Anthony Hardy after an altercation between Barnes and Hardy. See id. Hardy died. See id. While incarcerated, Howard was placed in segregation two times for fighting and also was disciplined for disobeying a prison official. See id. In May 1993, Howard's parole was revoked after Howard violated curfew thirteen times, failed to report to his probation officer ten times, and failed to obtain employment. See id. After serving approximately 25 days for the revocation, Howard again was paroled. See id. At age 25, Howard was convicted in this court of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (crack) and sentenced to 292 months' imprisonment. See id. at ¶ 26. In 2000, the court reduced Howard's sentence to 150 months' imprisonment. See id. When Howard was released from prison and returned to Wilson, North Carolina, he told associates that the penalties for crack cocaine were too harsh; therefore, he began distributing PCP. In short order, Howard became a significant PCP dealer in Wilson. Moreover,

11

Wilson developed a unique PCP public-health problem when compared to other towns in the Eastern District of North Carolina.

Howard's memorandum of law presents no evidence that he has made any positive efforts while federally incarcerated since his May 2015 resentencing. See [D.E. 159]. Howard claims that he completed numerous education and psychology classes. See [D.E. 159-1] 3. Even though Howard submitted no documentation, the court takes Howard at his word. Moreover, the record is silent concerning whether Howard received any infractions since May 2015. Cf. Pepper, 562 U.S. at 480–81. The court also recognizes that Howard was raised by a single mother and that growing up his neighborhood was filled with drugs and crime.

The court assumes without deciding that the government's filing under 21 U.S.C. § 851 would no longer be operative and would thereby reduce the mandatory minimum sentence and statutory maximum sentence on count one from ten years' to life imprisonment to 5 years' to 40 years' imprisonment and the statutory maximum sentence on counts two through ten from thirty years' to twenty years' imprisonment. Cf. [D.E. 163] 26–27. Notably, however, the government's section 851 notice did not affect the court's May 2015 sentence on counts one through ten, and Howard's sentence on counts one through ten remains below the statutory maximum even without the section 851 notice. Thus, the change to 21 U.S.C. § 851 creates no unwarranted sentencing disparity or reason to change Howard's sentence. Cf. Resentencing Tr. [D.E. 126] at 15–44.

The court must balance Howard's positive conduct since his May 2015 resentencing with his serious and prolonged criminal conduct, his serious and violent criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has

12

considered Howard's potential exposure to COVID-19, his obesity, his childhood, his vaccinated status, and the change to 21 U.S.C. § 851. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Howard's arguments, the government's persuasive response, the need to punish Howard for his serious criminal behavior, to incapacitate Howard, to promote respect for the law, to deter others, and to protect society, the court denies Howard's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

## III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 155].

SO ORDERED. This 14 day of October, 2022.

JAMES C. DEVER III
United States District Judge

13